The Honorable Joe E. Yates State Senator 1812 Clark Bentonville, Arkansas 72712
Dear Senator Yates:
This is in response to your request for an opinion regarding Act 989 of 1985. You have asked the following specific questions:
 1. If a person is divorced prior to the enactment of Act 989 of 1985 can they utilize the child support even if they have not been in court since the enactment of this legislation?
 2. Can the non-custodial parent utilize the garnishment procedure in a county different than the one in which the divorce was granted and child support determined?
In response to your first question, Ark. Stat. Ann. 34-1232 provides in pertinent part as follows:
 All persons under court order to pay support on the effective date [August 1, 1985] of this Act who become delinquent in an amount equal to the total court ordered support payable for thirty (30) days, shall be subject to the income withholding provisions of this Act . . . . and such shall become effective when the requirements set forth in Section 15 [34-1233] of this Act have been satisfied.
34-1232 does not on its face appear to require further court action as a prerequisite to implementation of the withholding provisions, nor are we aware of any other legislative enactments mandating further court action. Indeed, 34-1232 is explicit in subjecting all persons "under court order to pay support on . . . . August 1, 1985" to income withholding upon thirty (30) days' delinquency. The withholding provisions are, moreover, made effective "when the requirements set forth in [34-1233] . . . . have been satisfied." 34-1233 contains no requirement with respect to the initiation of further court proceedings. While it is true that as a general principle legislative enactments operate prospectively only, Abrego v. United Peoples Fed. Savings Loan,281 Ark. 308, 664 S.W.2d 858 (1984), legislative intent in this instance with respect to the retroactive application of income withholding is clear from the language employed.
You have also inquired as to the "non-custodial" parent's utilization of these procedures in a county other than the one in which the divorce was granted and child support determined. I assume that this question actually has reference to the custodial rather than the non-custodial parent. We find no provision authorizing the initiation of income withholding in any county other than the county wherein the order of support was entered.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.